UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DAKOTA LINTZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:20-cv-00589-JPH-MJD |
| ) | |
| ROBERT E. CARTER, JR., et al. ) | |
| ) | |
| Defendants. ) | |

**ORDER SCREENING AND DISMISSING THE COMPLAINT
AND PROVIDING OPPORTUNITY TO AMEND**

Plaintiff Dakota Lintz, an inmate at Wabash Valley Correctional Facility ("WVCF"), brings this action pursuant to 42 U.S.C. § 1983, alleging the defendants violated his civil rights. Because Mr. Lintz is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint before service on the defendants.

**I.
SCREENING STANDARD**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

1

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). *Pro se* complaints such as that filed by the plaintiff are construed liberally and held to "a less stringent standard than pleadings drafted by lawyers." *Cesal*, 851 F.3d at 720.

## II.
## THE COMPLAINT

The complaint names the following defendants: Robert E. Carter, Jr., Jerry Snyder, Frank Vanihel, Frank Littlejohn, and Lieutenant Smalls. Mr. Lintz is seeking injunctive relief.

The complaint makes the following allegations. The Indiana Department of Correction has instituted Administrative Policy and Procedure 02-04-102. The policy provides that inmates held on disciplinary restrictive status housing for periods exceeding 60 days are provided the same program services and privileges as inmates in administrative restrictive status housing and protective custody; programs and services shall include, but are not limited to, educational services, commissary services, independent studies, library services, self-help, social services, counseling services, religious guidance, and recreational programs. Officials at WVCF have violated this policy by denying inmates, like Mr. Lintz, access to commissary services.

## III.
## DISCUSSION

The complaint is **dismissed for failure to state a claim upon which relief may be granted**. A prison's violation of its own policies and procedures does not create a *per se* constitutional violation. *Estate of Simpson v. Gorbett*, 863 F.3d 740, 746 (7th Cir. 2017) ("Section 1983 protects against constitutional violations, not violations of departmental regulation and practices.") (cleaned up). Even liberally construed, the complaint does not create a reasonable inference that the violation of Administrative Policy and Procedure 02-04-102 has deprived Mr. Lintz of "the minimal civilized measure of life's necessities" in violation of the Eighth

Amendment. *See Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Nor does the complaint state an equal protection claim, as it does not allege that Mr. Lintz has been subject to disparate treatment because of his membership in a protected class. *See Brown v. Budz*, 398 F.3d 904, 916 (7th Cir. 2005) ("To establish a prima facie case of discrimination under the equal protection clause, [plaintiff is] required to show that he is a member of a protected class, that he is otherwise similarly situated to members of the unprotected class, and that he was treated differently from members of the unprotected class."). Because the complaint does not state a federal claim, it must be dismissed.

## IV.
## OPPORTUNITY TO AMEND

The dismissal of the complaint does not mean the action is dismissed. Mr. Lintz may avoid dismissal of the action by filing an amended complaint by **June 25, 2021**. The amended complaint must include the correct case number, 2:20-cv-00589-JPH-MJD, and the words "Amended Complaint" at the top. The amended complaint will completely replace the original; therefore, it must set forth every defendant, allegation, and request for relief. If Mr. Lintz files an amended complaint, it will be screened pursuant to 28 U.S.C. § 1915A(a). If Mr. Lintz does not file an amended complaint within the deadline, the action will be dismissed without further warning or ability to show cause.

**SO ORDERED.**

Date: 6/10/2021

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

DAKOTA LINTZ
261904
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838