UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| DAKOTA LINTZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:20-cv-00589-JPH-MJD |
| | ) | |
| ROBERT E. CARTER, JR., et al. | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DISMISSING AMENDED COMPLAINT
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Plaintiff Dakota Lintz, an inmate at Wabash Valley Correctional Facility, has filed an amended complaint alleging the violation of his civil rights. Mr. Lintz's original complaint was previously dismissed for failure to state a claim upon which relief may be granted, and he was given an opportunity to file an amended complaint to avoid dismissal of the action. Because the amended complaint also fails to state a claim upon which relief may be granted, the action is now **DISMISSED**.

**I.
SCREENING STANDARD**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the amended complaint, or any portion of the amended complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the amended complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). To survive dismissal,

> [the amended] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

1

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). *Pro se* complaints such as that filed by the plaintiff are construed liberally and held to "a less stringent standard than pleadings drafted by lawyers." *Cesal*, 851 F.3d at 720.

## II.
## DISCUSSION

In his original complaint, Mr. Lintz alleged that the Indiana Department of Correction has instituted Administrative Policy and Procedure 02-04-102, which provides that inmates held on disciplinary restrictive status housing for periods exceeding 60 days must be provided with the same program services and privileges as inmates in administrative restrictive status housing and protective custody. These programs and services shall include, but are not limited to, educational services, commissary services, independent studies, library services, self-help, social services, counseling services, religious guidance, and recreational programs. Mr. Lintz alleges that officials at his facility have violated this policy by denying inmates, like Mr. Lintz, access to commissary services.

The Court dismissed the original complaint for failing to state a claim upon which relief may be granted. The Court noted that a prison's violation of its own policies and procedures does not create a *per se* constitutional violation. *See* dkt. 11, p. 2 (citing *Estate of Simpson v. Gorbett*, 863 F.3d 740, 746 (7th Cir. 2017)). The Court also ruled that the complaint did not create a reasonable inference that the defendants' alleged policy violations deprived Mr. Lintz of "the minimal measure of life's necessities" in violation of the Eighth Amendment. *Id.* (citing *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)). Nor did it create a reasonable inference that this violation deprived Mr. Lintz of his right to equal protection because it did not allege that he had been subjected to disparate treatment due to his membership in a protected class. *Id.*, p.3 (citing *Brown v. Budz*, 398 F.3d 904, 916 (7th Cir. 2005)).

In his amended complaint, Mr. Lintz states that he was placed in disciplinary restrictive status housing after he received five or six disciplinary convictions. *See* dkt. 12, p. 4. However, he did not receive a total or near-total loss of commissary privileges as a sanction for any of these convictions. *Id.* While inmates placed in long-term disciplinary restrictive status housing are supposed to receive a "reduced list" of available commissary items, Mr. Lintz has essentially lost access to the commissary list altogether. Thus, Mr. Lintz alleges, his loss of commissary privileges exceeds the sanctions issued in his disciplinary convictions and amounts to an atypical and significant hardship in violation of his right to due process.

The Court does not agree. To be sure, prisoners are entitled to limited due process protections when they are subjected to an atypical and significant hardship, even when the hardship does not, in and of itself, violate the Constitution or the prisoner's sentence. *See Hewitt v. Helms*, 459 U.S. 460, 471 (1983); *Sandin v. Conner*, 515 U.S. 472, 483 (1995); *Isby v. Brown*, 856 F.3d 508, 524 (7th Cir. 2017). Prison regulations may create an enforceable expectation regarding a prisoner's conditions of confinement. *Hewitt*, 459 U.S. at 471. But courts focus on the nature of the hardship itself, and not whether the prison regulation involves mandatory or discretionary language, to determine whether a due process right is implicated. *Sandin*, 515 U.S. at 483.

In *Sandin*, the Court specifically took issue with previous rulings from lower courts that found due process implications in day-to-day prison operations, such as access to electrical outlets, access to specific programming, and access to tray lunches as opposed to sack lunches or loaf diets. *Id.* (collecting cases). The Court reasoned that these intrusions infringed on the ability of prison officials to administer their facilities and squandered scarce judicial resources. *Id.* at 482. The Seventh Circuit has interpreted *Sandin* as requiring limited due process protections when prisoners are placed in long-term administrative segregation. *See Isby*, 856 F.3d at 525 (collecting cases).

3

In this instance, Mr. Lintz does not take issue with his placement in long-term segregation. Nor does he take issue with the full range of expectations created by Administrative Policy and Procedure 02-04-102. His only complaint is that an already "reduced list" of items available for purchase through the commissary is not available to him. This is not an "atypical and significant" hardship implicating his right to due process. Instead, it is akin to the day-to-day prison operations that *Sandin* admonished lower courts against intruding upon. The policy's mandatory language does not transform this ordinary hardship into one demanding due process. Accordingly, the Court finds that the amended complaint fails to state a due process claim. For the same reasons explained in the order screening the original complaint, the amended complaint also fails to state an equal protection claim or an Eighth Amendment conditions of confinement claim.

## III.
## CONCLUSION

The amended complaint is **DISMISSED for failure to state a claim upon which relief may be granted**. Because Mr. Lintz was previously given an opportunity to amend his complaint, the action is now **DISMISSED**. This dismissal counts as a "strike" for purposes of 28 U.S.C. § 1915(g). The **clerk is directed** to enter final judgment in accordance with this Order.

**SO ORDERED**.

Date: 7/14/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

DAKOTA LINTZ
261904
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838